UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Cr. No.   MJG-15-322 |
| MATTHEW HIGHTOWER, ET AL. | * | |
| Defendant | * | |
| For:   MATTHEW HIGHTOWER | * | |
| | * | |

### MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF ANY STATEMENTS OF CO-DEFENDANT HARRY CRAWFORD THAT OCCURRED AFTER THE DEATH OF DAVID WUTOH (UNDER SEAL)

Matthew Hightower, by his undersigned counsel, Richard Bardos, Of Counsel, Schulman, Hershfield & Gilden, P.A., hereby moves this Honorable Court to exclude any statements made by co-defendant Harry Crawford in October, 2013, after the death of David Wutoh and as grounds states:

1. Mr. Hightower is charged in a two count indictment with, in essence, the use of extortionate means to collect a debt, or punish a person for non-payment and with committing a crime of violence to further an extortion scheme.

2. The Government alleges that the victim, David Wutoh, was killed for failing to pay back a loan from this defendant and, in addition that the shooting was "in furtherance" of the extortion scheme.   This defendant has argued that, as a matter of law, killing Mr. Wutoh cannot further extortion of Mr. Wutoh because extortion, by definition, requires the victim of the extortion to provide the extortionist with property, with the victim's consent.

3. The Government has suggested to the Court that statements made by co-defendant Harry Crawford to Andrea Brown in October, 2013, well after Mr. Wutoh died, are admissible against Mr. Hightower under Fed. R. Ev. 801(d)(2)(E).   That Rule permits a co-conspirator statement to be admitted only when the statement is made "during and in furtherance of the conspiracy."

4. The Government has suggested that in this conversation with Ms. Brown, Mr. Crawford asked about whether Mr. Wutoh left Mr. Crawford anything in his will.   The Government's theory is that if Mr. Wutoh put Mr. Crawford in the former's will and then Mr. Crawford was paid back after Wutoh died, that this payment would be "with his consent."   (The obvious flaw in this theory is that in order for his will payment to be voluntary, so too would his death have to be in order for the terms of the will to become effective.)[1]

5. Nevertheless, according to Ms. Brown, Mr. Crawford did not in fact ask whether Mr. Wutoh left anything for Crawford in his will; Mr. Crawford only asked whether Mr. Wutoh left anything for Ms. Brown.

6. The Government's mis-reading of Ms. Brown's statements are seen in her grand jury testimony.   First, referring to Mr. Crawford, Ms. Brown states "and then he asked me did David leave me anything and I said no."   A. Brown, 5/15/13 testimony at p. 84.   The relevant page from her testimony attached hereto as Exhibit A.   The "me" This case does not refer to Mr. Crawford; the "me" referred to the witness.   This result is seen plainly in the subsequent

---

[1] Mr. Wutoh in fact had no will.

2

retelling of the conversation. According to Ms. Brown, Mr. Crawford then asked about Ms. Brown's daughter: "And he said not even Brea?" *Id.*

7. Ms. Brown then clarified any confusion: "… but I found it odd that he [Crawford] wanted to know if David left me something, and if he didn't leave it to me, he [Crawford] knew how much he [Wutoh] loved Brea, why didn't he leave -- you know."

8. Mr. Crawford's inquiries had nothing to do with Mr. Wutoh leaving money for Crawford, or for Mr. Hightower for that matter. As a result, his statements are neither "during" nor "in furtherance of" the conspiracy.

9. Therefore, the statements are not admissible under 801(d)(2)(E) and should be excluded.

WHEREFORE, the defendant moves this Honorable Court to exclude any statements made by co-defendant Harry Crawford in October, 2013, after the death of David Wutoh.

                                                    Respectfully submitted,
                                                    _____/s/_____
                                                    Richard Bardos
                                                    Schulman, Hershfield & Gilden, P.A.
                                                    1 East Pratt Street, 9th Floor
                                                    Baltimore, Maryland 21202
                                                    (410) 332 0850

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this 9th of September, 2016, a copy of the foregoing Motion was served electronically via ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

                                      _____/s/_____
                                      Richard Bardos