UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Cr. No.   MJG-15-322 |
| MATTHEW HIGHTOWER, ET AL. | * | |
| Defendant | * | |
| For:   MATTHEW HIGHTOWER | * | |
| | * | |

## MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF ANY TESTIMONY CONCERNING THE DEFENDANT SELLING MARIJUANA

Matthew Hightower, by his undersigned counsel, Richard Bardos, Of Counsel, Schulman, Hershfield & Gilden, P.A., hereby moves this Honorable Court to exclude any references to Mr. Hightower selling marijuana during its case in chief and as grounds states:

1. Mr. Hightower is charged in a two count indictment with, in essence, the use of extortionate means to collect a debt, or punish a person for non-payment and with committing a crime of violence to further an extortion scheme.

2. This case does not involve marijuana; there is no charge related to marijuana and there is no suggestion that the defendant's loan to the victim was in any way related to a marijuana sale to the victim.

3. When Mr. Hightower was interviewed on November 21, 2013, he told the police officers that he sold "weed."

4. In addition, one of the Government witnesses, Shayron Bradley, has stated that she knew Mr. Hightower's phone number, 443 857 4173 ("the 4173 number") and that she contacted him to purchase marijuana.

5. The Government intends to introduce Mr. Hightower's interview *in toto* and therefore seeks to include the reference to marijuana.[1]  In addition, the Government advises that in intends to ask Ms. Jones about her marijuana purchases from the defendant, to explain how she knew the defendant.

6. Reference to the commission of other crimes in this case, here the sales of marijuana, are both prejudicial and irrelevant and should be excluded under Fed. R. Ev. 401 and 403.

7. Mr. Hightower's own reference to weed sales was asserted to explain why he thought the police were following him in November, 2013, about two months after the alleged murder of D.W.   His statement can be deleted from the transcript and the audio recording.   Such statement serves no legitimate purpose in this case.

8. Ms. Bradley statements about buying weed from Mr. Hightower are unnecessary and prejudicial.   First, the connection between the 4173 number and Mr. Hightower will be shown in a variety of ways without Ms. Bradley's testimony.

---

[1] It is noted that the Government has stated in open court that it did not intend to introduce any evidence of other bad acts under Fed. R. Ev. 404(b).

9. In addition, Ms. Bradley can certainly testify that she knew the defendant and his phone number without adding the reasons for the contact. The mention of marijuana is simply unnecessary.

WHEREFORE, the defendant moves this Honorable Court to exclude any references to Mr. Hightower selling marijuana during its case in chief.

                           Respectfully submitted,

                           _____/s/_____
                           Richard Bardos
                           Schulman, Hershfield & Gilden, P.A.
                           1 East Pratt Street, 9th Floor
                           Baltimore, Maryland 21202
                           (410) 332 0850

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th of September, 2016, a copy of the foregoing Motion was served electronically via ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

                      _____/s/_____
                      Richard Bardos