IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARRY CRAWFORD
Prisoner's Number 58835-037         *
Confined at Devens FMC
Federal Medical Center              *
P.O. Box 879
Ayer, MA 01432                      *

                                    *       Criminal No: GJH-15-cr-00322

        v.                          *       Civil No: _____

UNITED STATES OF AMERICA            *

                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 BY A PERSON IN FEDERAL CUSTODY**

      The Petitioner, Harry Crawford, by and through counsel, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., moves this Court pursuant to 28 U.S.C. § 2255 to vacate the judgment and sentence imposed on April 4, 2017, and grant him a new trial and/or sentencing. The Petitioner responds as follows to each item set forth in the Model Form for Motions under 28 U.S.C. § 2255.

    1.  Petitioner pleaded guilty and was sentenced before the Honorable Judge Marvin J. Garbis in the United States District Court for the District of Maryland.

    2.  The amended judgment of conviction was entered on April 21, 2017.

2

3. Mr. Crawford was sentenced to a total term of 144 months of imprisonment.

4. Mr. Crawford was convicted of collection of extensions of credit by extortionate means, in violation of 18 U.S.C. § 894 ("Count One" of the Supplemental Third Superseding Indictment (ECF No. 146)); conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 ("Count Two" of the Third Superseding Indictment (ECF No. 143)); and conspiracy to defraud the United States, in violation of 26 U.S.C. § 371 ("Count Four" of the Third Superseding Indictment (ECF No. 143)).

5. Mr. Crawford pleaded guilty to the above-mentioned counts by way of a written plea agreement with the United States of America (ECF No. 344).

6. Mr. Crawford's case was not tried before a jury. He pleaded guilty. A prior trial before a jury ended in a mistrial after the jury could not reach a unanimous verdict.

7. Mr. Crawford did not testify at trial.

8. Mr. Crawford appealed the judgment to the United States Court of Appeals for the Fourth Circuit, case number 17-4213. In that case, Mr. Crawford raised the following two issues:

> I. The District Court Failed To Make a Necessary Factual Finding as to the Scope of Mr. Crawford's Jointly Undertaken Criminal Activity, as Required Under U.S.S.G. § 1B1.3(a)(1)(B), and Accordingly Remand Is Required.
>
> II. There Was No Factual Basis To Support a Finding that the Murder of Mr. Wutoh Was Within the Scope of Mr. Crawford's Jointly Undertaken Extortion Activity.

3

The Court of Appeals for the Fourth Circuit, in an Order dated January 19, 2018, dismissed Mr. Crawford's appeal determining that his challenge to the application of the murder cross-reference fell squarely within the scope of his waiver of appellate rights included in his plea agreement. *United States v. Harry Crawford*, No. 17-4213 (4th Cir. ECF No. 32).

9. Mr. Crawford filed a petition for writ of *certiorari* to the United States Supreme Court on June 18, 2018. The petition for writ of *certiorari* was denied on October 1, 2018.

10. Mr. Crawford has not filed any other petitions, applications, or motions challenging the convictions in his case.

11. Other than his direct appeal, Mr. Crawford has not filed any other petitions, applications, or motions challenging the judgment in his case.

12. Mr. Crawford's conviction became final on October 1, 2018, the date the Supreme Court denied *certiorari*. This petition is being filed within one year of that date and within the one-year statute of limitations pursuant to 28 U.S.C. §2255.

13. Mr. Crawford raises the following grounds for this motion. As to each claim presented below, Petitioner reserves the right to amend this claim, and/or add additional arguments in an amended §2255 motion or memorandum of law, once he has been provided access to all relevant files, documents, information, material and/or

4

evidence to which he is entitled under applicable federal law, and thereafter has had sufficient time to investigate and develop facts and witnesses in support of this and/or other issues that may arise once such access to information has been provided.

    I.    <u>Mr. Crawford received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution</u>.

The Sixth Amendment to the Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The United States Supreme Court "has recognized that 'the right to counsel is the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v, Richardson*, 397 U.S. 759, 771, n.14 (1970)).

In order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

To establish *Strickland* prejudice, Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In attempting to demonstrate that counsel's deficiencies prejudiced the defense, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. This standard

5

of proof "represents a fairly low threshold." *Riggs v. Fairman*, 399 F.3d 1179, 1183 (9th Cir. 2005).

- A. Mr. Crawford was denied the effective assistance of counsel during the plea bargaining phase of this case. Counsel's deficiencies before, during and after this time period include, but are not limited to:
    - i. Trial counsel advised Petitioner that he would be able to appeal his sentence if the district court applied the murder cross reference within USSG §§2E2.1 and 2A1.1, and that the appellate waiver did not apply if that cross-reference was applied. As it turned out, trial counsel's advice was erroneous and Mr. Crawford's appeal was dismissed. But for counsel's misadvice, Petitioner would not have pleaded guilty and would have insisted on proceeding to trial.
    - ii. Trial counsel failed to provide adequate advice during all other times of the plea bargaining process.
- B. Mr. Crawford was denied the effective assistance of counsel guaranteed by the Sixth Amendment because trial counsel was ineffective in representing Crawford in all aspects of sentencing. Trial counsel rendered ineffective assistance of counsel at sentencing by:
    - i. failing to adequately prepare for sentencing;

6

    ii. failing to adequately investigate contested issues before and during sentencing;

    iii. failing to challenge the Government's evidence at the contested sentencing hearing;

    iv. failing to present arguments challenging sentencing enhancements;

    v. failing to prepare for sentencing; and

    vi. failing to investigate and present mitigation evidence at sentencing.

II. <u>Counsel's Deficient Acts and Omissions When Considered Together Undermine Any Confidence in the Conviction and Sentence in this Case.</u>

The cumulative effect of the errors addressed above denied Mr. Crawford due process of law and requires vacating his convictions and sentence. *See Williams v. Taylor*, 529 U.S. 362 (2000) (courts can aggregate ineffective assistance of counsel claims). In this case, the Court should consider the cumulative prejudicial effect of the issues presented above, in concluding that but for this inadmissible evidence, there is a reasonable probability the outcome of Mr. Crawford's case would have been different under the second prong of *Strickland*.

7

III. <u>Mr. Crawford's Guilty Plea was Involuntary, and Not Knowing and Intelligent in violation of the Due Process Clause of the Unites States Constitution.</u>

Mr. Crawford's guilty plea is rendered constitutionally inadequate for reasons that include but are not limited to the misadvise provided to him by trial counsel regarding the appellate waiver included in his written plea agreement.

16. Mr. Crawford was not sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time.

17. Mr. Crawford has no other sentence to serve following the completion of the sentence in this case.

WHEREFORE, Mr. Crawford prays that this Court vacate his conviction and sentence or grant him all relief to which he may be entitled in this action.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, Mckenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@verizon.net

*Counsel for Harry Crawford*

8

## VERIFICATION

I declare under the penalties of perjury that the information above is true and correct. Executed by counsel for petitioner on October 1, 2019

                                            /s/
                                 Michael E. Lawlor

9
**CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 1, 2019, I filed the foregoing Motion Pursuant to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 by a Person in Federal Custody, via this Court's electronic filing system which will furnish a copy to counsel for the government.



_____/s/_____
Michael E. Lawlor